IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JALAAL AZAMI,

    Plaintiff,

v.

STERLIONG RETAIL SERVICES, INC., d/b/a GOLF MILL SHOPPING CENTER,

    Defendant.

No. 22 C 5030

Magistrate Judge Jeffrey T. Gilbert

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint ("Motion") [ECF No. 16]. For the reasons discussed below, the Motion is granted.

## FACTUAL BACKGROUND

Plaintiff Jalaal Azami ("Plaintiff") alleges that Defendant Sterling Retail Services, Inc. d/b/a Golf Mill Shopping Center ("Defendant") discriminated against him because of his religion in violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, and the Illinois Human Rights Act, 775 ILCS 5/1-102. The Court takes the following facts from the Amended Complaint [ECF No. 15]. On January 31, 2019, Plaintiff entered into a commercial rental agreement with Defendant Sterling Retail Services, Inc. d/b/a Golf Mill Shopping Center ("Defendant") for the operation of a kiosk business called "Tech City Pro" at Golf Mill Shopping Center ("Shopping Center"). Amended Complaint [ECF No.15], at ¶7. Plaintiff references but does not

attach the agreement that evidences his contractual relationship with Defendant. Defendant, however, attaches a copy of the relevant agreement to its Motion [ECF No. 15], at Ex. A.

In March 2020, the Shopping Center closed due to the Covid-19 pandemic, and Defendant suspended Plaintiff's obligation to pay his license fees for the months of April and May 2020. Amended Complaint [ECF No.15], at ¶9. When the Shopping Center re-opened in June 2020, the Shopping Center's property manager advised Plaintiff that his June rent was overdue. Amended Complaint [ECF No.15], at ¶11. Defendant subsequently terminated Plaintiff's rental agreement ostensibly because he did not pay his June rent and certain late fees, even though Plaintiff claims the property manager had agreed to accept late payment. Amended Complaint [ECF No.15], at ¶12. There is no allegation in the Amended Complaint, however, that Plaintiff actually tendered his June rent payment whether timely or late.

On July 25, 2022, Plaintiff filed a lawsuit in the Circuit Court of Cook County, alleging a violation of the Civil Rights Act of 1964, 42 U.S.C. 42 U.S.C. § 2000d. On September 15, 2022, Defendant removed the action to federal court. [ECF No. 1]. Then, on October 14, 2022, Defendant filed its first Rule 12(b)(6) Motion to Dismiss [ECF No. 8]. In lieu of responding to that motion, Plaintiff filed an Amended Complaint [ECF No. 15], including Count I for religious discrimination in a violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 42 U.S.C. § 2000d, and Count II for religious discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/1-103. Defendant filed another Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended

Complaint [ECF No. 16], which is fully briefed and ripe for decision. [ECF Nos. 16, 21, 24].

## ANALYSIS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all of the plaintiff's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a motion to dismiss, however, "the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct." *Langworthy v. Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Additionally, the court "need not accept

3

as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Evaluating whether a complaint is sufficiently plausible to survive a motion to dismiss is "context specific, requiring the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 664.

Title VI of the Civil Right Act, 42 U.S.C. § 2000d, prohibits unlawful discrimination in all federally assisted programs. Specifically, Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Religious discrimination, however, is not covered by Title VI, 42 U.S.C. § 2000d. *See Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 850 (N.D. Ill. 2021), *aff'd sub nom, Beaulieu v. Ashford Univ., LLC*, 2022 WL 17076691 (7th Cir. Nov. 18, 2022) (citing *Brown v. William Rainey Harper Coll.*, 2017 WL 3278822, at *3 (N.D. Ill. Aug. 1, 2017); *Lubavitch Chabad of Ill., Inc. v. Northwestern Univ.*, 6 F. Supp. 3d 806, 816 (N.D. Ill. 2013)).

In his Amended Complaint, Plaintiff alleges that "Defendant's conduct . . . was motivated by its discriminatory attitude toward the Plaintiff's religion, Islam." Amended Complaint [ECF No. 15], at ¶ 14. Plaintiff's Amended Complaint does not contain any allegations of discrimination because of his race, color, or national origin, which are the attributes specifically covered by Title VI. Therefore, as pled, Plaintiff's

4

Amended Complaint fails to state a claim on which relief can be granted as a matter of law. Plaintiff, however, argues in his response brief that he can state a claim based on national origin discrimination. Plaintiff's Response [ECF No. 21], at 2-3. The Court expresses no opinion on whether Plaintiff can allege a cognizable claim based upon his national origin, but it will give him an opportunity to try. The Court, therefore, dismisses Count I without prejudice with leave to replead.

In addition, as pled in his Amended Complaint, Plaintiff purports to allege a claim for employment discrimination. *See* Amended Complaint [ECF No. 15], at ¶ 14.[1] Taking the Amended Complaint as a whole and in conjunction with the contract attached as Exhibit A to Defendant's motion to dismiss, the Court is not convinced that this case arises in the employment context as it appears that Plaintiff did not have an employment relationship with Defendant. Plaintiff appears to concede that fact by arguing in response to the Motion that his claim arises from a license agreement with Defendant. Plaintiff's Response Brief [ECF No. 21], at 3 ("The Defendant is correct in pointing out that the Plaintiff was not employed by the defendant, but rather he was the Defendant's licensor [sic]."); *see also* Amended Complaint [ECF No. 15], at ¶ 7 (alleging that Plaintiff "entered into a commercial rental agreement with the Defendant for the for the [sic] operation of a kiosk business

---

[1] In the employment context, Title VI only provides a judicial remedy for discrimination by institutions receiving federal funds if "(1) providing employment is a primary objective of the federal aid, or (2) discrimination in employment necessarily causes discrimination against the primary beneficiaries of the federal aid." *Ahern v. Bd. of Educ. of the City of Chi.*, 133 F.3d 975, 978 (7th Cir. 1998) (citation omitted).

5

called "Tech City Pro," in which the Plaintiff would sell and repair electronic devices").[2]

Plaintiff appears to argue that he can plead a claim for discrimination against him as a contractor entitled to the benefits of Title VI based on Defendant's receipt of a loan under the federal Paycheck Protection Program ("PPP"). Plaintiff's Response Brief [ECF No. 21], at 3. Whether or not a claim for discrimination against a contractor is a cognizable claim under Title VI, it is premature to opine on the viability of such a claim at this time because Plaintiff's allegations in the existing Amended Complaint are insufficient even to raise the specter of such a claim as a matter of law. Nowhere other than in his Response Brief does Plaintiff allege that Defendant received federal funds or allege that Defendant's receipt of such funds triggers application of Title VI.

Further, under Title VI, a plaintiff "must be the intended beneficiary of, an applicant for, or a participant in a federally funded program." *Sifuna v. Accreditation Council of Pharmacy Educ.*, 2017 WL 5891224, at *7 (N.D. Ill. Nov. 28, 2017). While receipt of federal financial assistance in the form of a PPP loan may constitute federal financial assistance under Title VI, the Amended Complaint does not contain any

---

[2] Pursuant to Federal Rule of Civil Procedure 10(c) a court can consider a contract attached to a plaintiff's complaint or to a defendant's motion to dismiss. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *see also Phillips v. Prudential Inc. Co. of America*, 714 F.3d 1017, 1019-1020 (7th Cir. 2013) (holding that on a motion to dismiss, the court must consider not only "the complaint itself," but also "documents attached to the complaint, documents that are critical to the complaint and referred to in it")(citation omitted); *Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 700 (N.D. Ill. Apr. 22, 2020). The contract at issue is between Plaintiff and an entity named "SVAP Golf Mill Retail, LP," not Defendant, but that fact does not have any impact on the Court's analysis of Plaintiff's claims, at least at this juncture.

allegations that Plaintiff or Defendant participated in any federally funded program, that Plaintiff was employed or entered into a contract in connection with such a program, or that Plaintiff was the intended beneficiary of any such program, all of which is necessary for him to state a claim as a matter of law under Title VI, 42 U.S.C. § 2000d.[3] For these independent reasons, Plaintiff also fails to allege sufficient facts to state a claim for discrimination under Title VI, 42 U.S.C. § 2000d, as a matter of law, and his case is dismissed without prejudice for these reasons as well.

Because the Court is dismissing Count I, Plaintiff's only remaining claim is Count II, which is Plaintiff's state law claim for religious discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/1-103. Amended Complaint [ECF No. 15], ¶¶ 21-23. A federal court "may decline to exercise supplemental jurisdiction" over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Seventh Circuit has made it clear that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). Because Plaintiff's federal claim is being dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim, and therefore, Count II is dismissed without prejudice.

---

[3] *See e,g., Awah v. Mansfield Kaseman Health Clinic*, 2021 WL 6197415 (D. Md. Dec. 30, 2021) (denying motion to dismiss Title VI claims against entity Defendant that received PPP loan).

7

## CONCLUSION

For the reasons discussed above, the Court grants Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 16] without prejudice, and Plaintiff is given until May 12, 2023 to file an amended complaint.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 26, 2023